**Wayne E. ZIMMER, Plaintiff,**

v.

**MANITOWOC SHIPBUILDING, INC., a subsidiary of the Manitowoc Company, Inc., Defendant.**

**No. 84–C–0095.**

United States District Court, E.D. Wisconsin.

March 5, 1985.

Arthur Heitzer, Milwaukee, Wis., for plaintiff.

Clifford B. Buelow, Davis & Kuelthau, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the defendant's motion for partial judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, by which it seeks dismissal of the plaintiff's cause of action under the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, and dismissal of his claims for compensatory and punitive damages. The Court has carefully considered this matter and concludes, for the reasons articulated below, that the motion must be denied in part and granted in part.

## BACKGROUND

This action was initiated on January 20, 1984, when the plaintiff filed his complaint "for legal and equitable relief to remedy unlawful discrimination against him on the basis of his age...." Plaintiff's *Complaint* at 1 (January 20, 1984). Invoking the remedial provisions of both the federal Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, and the Wisconsin Fair Employment Act, Wis.Stat. § 111.37 *et seq.*, the plaintiff charges that the defendant unlawfully terminated his employment effective January 1, 1984, on the basis of his age.

Specifically, the complaint in this action states that while the plaintiff was the oldest employee in the defendant's sales department, his regular employment evaluation never indicated that his performance was other than satisfactory or that it had deteriorated in any manner; indeed, the plaintiff contends that his own workload and productivity at the time of his layoff exceeded that of the previous year. The complaint further alleges that in May of 1982, when the plaintiff was placed on "indefinite layoff," other, younger employees with less seniority, experience, and job qualifications were assigned to complete those tasks previously performed by the plaintiff. Perhaps parenthetically, the complaint also charges that, "around the time" of the plaintiff's discharge, the defendant "layed off a disproportionately large number of its salaried employees who were within the protected age category (age 40 or more)." Plaintiff's *Complaint* at 3 (January 20, 1984).

In addition, the plaintiff claims that his immediate supervisor, a Mr. E. Boprey, discriminatorily harassed him and continued to deny him certain employment benefits, such as authorization to attend field trips and conferences to meet certain sales prospects. Among other things, the plaintiff charges that Mr. Boprey resented him as a potential threat because he was older and more experienced; that certain of Mr. Boprey's comments to the plaintiff were discriminatory in nature and meant to suggest that the plaintiff consider early retirement; and that Mr. Boprey's placement on an organizational chart indicating his position as the plaintiff's supervisor, while inaccurate, was nonetheless used to justify the plaintiff's discharge and that of another co-worker.

By his complaint, the plaintiff seeks, among other things, declaratory judgment that the defendant has violated the Age Discrimination In Employment Act of 1967, as amended 29 U.S.C. § 621 *et seq.;* a permanent injunction enjoining the defendant from continued discrimination against the plaintiff based on his age; reinstatement to a position in the defendant's employ at a rank and pay at least comparable to that held by him at the time of his indefinite layoff, plus regular salary increases; back pay and compensation for actual economic losses, both present and future; a like amount as liquidated damages, based on the allegedly willful nature of the defendant's actions; compensatory and punitive damages for actual intangible injuries, both present and future; and costs and reasonable attorneys' fees.

On February 27, 1984, the defendant filed its answer to the complaint, denying all substantive allegations contained therein and raising several affirmative defense—among them, that the complaint fails to state a claim upon which relief can be granted, that the plaintiff has failed to mitigate his damages and to exhaust his administrative remedies under the Wisconsin Fair Employment Act, Wis.Stat. § 111.-31 *et seq.*, and, significantly, that the Court lacks subject matter jurisdiction over that portion of the complaint brought under the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et.seq.*, and that the plaintiff is not entitled to compensatory or punitive damages. By its answer, the defendant requests that the complaint be dismissed and that it be awarded those costs and attorneys' fees incurred in the defense of this matter.

In support of its present motion for partial judgment on the pleadings, filed on August 31, 1984, the defendant argues, first, that the administrative remedies established by the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, are the exclusive remedies available for violations of the Act and that a private right of action does not exist under its provisions. In support this contention, the defendant directs the Court's attention to decisions rendered by Judges Myron L. Gordon and Terrence T. Evans in *McCluney v. Joseph Schlitz Brewing Company*, 489 F.Supp. 24 (E.D.Wis.1980), and *Otero v. Federal Casting Division of Chromalloy American Corporation*, Case No. 82–C–1484 (E.D. Wis. October 7, 1983), respectively, and by the Wisconsin Court of Appeals in *Bac-*

*hand v. Connecticut General Life Insurance Company,* 101 Wis.2d 617, 305 N.W.2d 149 (1981).

In support of its companion request that the plaintiff's claim for compensatory and punitive damages be dismissed, the defendant notes that the United States Court of Appeals for the Seventh Circuit has held unequivocally that parties suing under the federal Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.,* are not entitled to recover either compensatory or punitive damages. *Pfeiffer v. Essex Wire Corporation,* 682 F.2d 684 (7th Cir.1982).

On November 20, 1984, the plaintiff filed its opposing brief, observing, first, that both this and other branches of this Court have recognized private causes of action under the Wisconsin Fair Employment Act, Wis.Stat. § 111.37 *et seq.,* as has the Wisconsin Supreme Court itself in *Yanta v. Montgomery Ward & Company, Inc.,* 66 Wis.2d 53, 224 N.W.2d 389 (1974), and *Kurtz v. City of Waukesha,* 91 Wis.2d 103, 280 N.W.2d 757 (1979). Perhaps most persuasively, the plaintiff cites this Court's recent decision in *Equal Employment Opportunity Commission v. Miller Brewing Company,* Case No. 81–C–578 at 6 (E.D. Wis., July 24, 1984), for the proposition that a violation of the Wisconsin Fair Employment Act, Wis.Stat. 111.31 *et seq.,* such as that alleged in this case, does "give[ ] rise to a civil cause of action for damages for lost wages." In that case, as the plaintiff has accurately recounted, this Court followed the clear dictates of the Wisconsin Supreme Court in *Kurtz v. City of Waukesha,* 91 Wis.2d 103, 280 N.W.2d 757 (1979), while nonetheless acknowledging the apparent split of authority among the lower state courts on this issue. Parenthetically, the plaintiff also observes that both Judge John W. Reynolds and Magistrate Aaron E. Goodstein reached similar conclusions in *Shanahan v. WITI–TV, Inc.,* 565 F.Supp. 219 (E.D.Wis.1982), and *Liebenstein v. Associated Trucklines, Inc.,* Case No. 83–C–267 (E.D.Wis., October 17, 1983 & January 3, 1984), respectively.

In response to the defendant's related contention that compensatory and punitive damages may not be awarded under the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.,* the plaintiff concedes the prohibitive effect of the Seventh Circuit's ruling in *Pfeiffer v. Essex Wire Corporation,* 682 F.2d 684 (7th Cir.1982), but nonetheless maintains that the admonition of the Wisconsin Supreme Court in *Watkins v. Labor & Industry Review Commission,* 117 Wis.2d 753, 345 N.W.2d 482 (1984), that the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.,* be liberally construed for the accomplishment of its broad, remedial purpose, dictates that the subject claims not be stricken at this time. Moreover, the plaintiff again cites Judge John W. Reynolds' decision in *Shanahan v. WITI–TV, Inc.,* 565 F.Supp. 219 (E.D.Wis.1982), and this Court's holding in *Equal Employment Opportunity Commission v. Miller Brewing Company,* Case No. 81–C–578 (E.D.Wis., July 24, 1984), for the proposition that its recovery under state law should not be limited to lost wages alone.

In its reply brief, filed on December 11, 1984, the defendant, while not discounting the import of the cited authority on private rights of action under state law, urges this Court to reevaluate its position in the context of the Wisconsin Supreme Court's recent decision in *Watkins v. Labor & Industry Review Commission,* 117 Wis.2d 753, 345 N.W.2d 482 (1984), plainly construing its earlier decision in *Yanta v. Montgomery Ward & Company,* 66 Wis.2d 53, 224 N.W.2d 389 (1974), as recognizing under the Wisconsin Fair Employment Act, Wis. Stat. § 111.31 *et seq.,* a private cause of action solely with respect to the recovery of lost wages. Citing at length the relevant discussion of the Wisconsin Court of Appeals' in *Bachand v. Connecticut General Life Insurance Company,* 101 Wis.2d 617, 305 N.W.2d 149 (1981), the defendant concludes that the state courts have not recognized a private cause of action with respect to the basic underlying question of liability for discrimination and that the present state claim, by which that very

issue is raised, must therefore be dismissed. Alternatively, the defendant suggests that the apparent confusion on this important issue, as demonstrated by the conflicting interpretations rendered by both the state and federal courts, provides this Court with an adequate basis upon which to refuse to exercise its pendent jurisdiction.

With respect to its related request that the claims for compensatory and punitive damages be stricken, the defendant notes, among other things, that the perceived split of authority on the plaintiff's entitlement to maintain his claims under the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, only underscores the impropriety of limiting the prohibitive import of the Seventh Circuit's unequivocal ruling in *Pfeiffer v. Essex Wire Corporation,* 682 F.2d 684 (7th Cir.1982). Most significantly, however, the defendant contends that if the Wisconsin Supreme Court's decision in *Yanta v. Montgomery Ward & Company, Inc.,* 66 Wis.2d 53, 224 N.W.2d 389 (1974), is recognized as authority for the plaintiff's state private cause of action, that ruling should likewise be controlling insofar as it limits the plaintiff's recovery to damages in the form of lost wages.

### RULE 12(c), THE PLAINTIFF'S CLAIMS UNDER THE WISCONSIN FAIR EMPLOYMENT ACT, AND THE DEFENDANT'S ENTITLEMENT TO PARTIAL JUDGMENT ON THE PLEADINGS

■ The obvious purpose of Rule 12(c) of the Federal rules of Civil Procedure is to promote the conservation of time and resources in cases where ultimate issues of fact are not in dispute. *See Ulen Contracting Corporation v. Tri-County Electric Cooperative,* 1 F.R.D. 284, 285 (W.D. Mich.1940); *see also Noel v. Olds,* 149 F.2d 13, 15 (D.C.Cir.1945) (rule intended to prevent piecemeal process of judicial determination). A motion under the Rule properly raises questions of law arising on the pleadings, and judgment thereon is not to be rendered unless the movant's right thereto is clear. *Friedman v. Washburn*

*Company,* 145 F.2d 715, 718 (7th Cir.1944); *National Surety Corporation v. First National Bank in Indiana,* 106 F.Supp. 302, 304 (D.Pa.1952).

■ As to the first portion of the present petition for judgment on the pleadings, the Court must conclude that the movant's entitlement to the relief sought is far from clear. As both parties to this action properly recognize, this Court has already determined that, in sorting out the apparent conflict of authority on the existence of a private right of action under the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, the position first articulated by the Wisconsin Supreme Court in *Yanta v. Montgomery Ward & Company, Inc.,* 66 Wis.2d 53, 224 N.W.2d 389 (1974), and reaffirmed in *Kurtz v. City of Waukesha,* 91 Wis.2d 103, 280 N.W.2d 757 (1979), must be followed. The Court's conclusion to that end in *Equal Employment Opportunity Commission v. Miller Brewing Company,* Case No. 81–C–578 (E.D.Wis., July 24, 1984), was presaged by the like findings of Judge John W. Reynolds in *Shanahan v. WITI–TV, Inc.,* 565 F.Supp. 219 (E.D.Wis.1982), and of Magistrate Aaron E. Goodstein in *Liebenstein v. Associated Trucklines, Inc.,* Case No. 83–C–267 (E.D.Wis., October 17, 1983 & January 3, 1984). To the extent that other branches of this Court have declined to recognize a private right of action under the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, the Court feels strongly that its consistent interpretation of the statute is most faithful to both the recent opinions of the Wisconsin Supreme Court and the language of the Act itself, including the directive that it be liberally construed to effectuate its remedial purpose.

Accordingly, the only significant issue now before the Court is that presented by the movant in its reply brief—namely, whether the recent state decision in *Watkins v. Labor & Industry Review Commission,* 117 Wis.2d 753, 345 N.W.2d 482 (1984), necessitates the Court's reconsideration and reversal of its position with respect to a state private right of action in

favor of parties like the plaintiff. In addressing the question of whether the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, authorizes the Department of Industry, Labor and Human Relations to award reasonable attorneys' fees to a prevailing complainant in a discrimination action, the Wisconsin Supreme Court explained its holding in *Yanta v. Montgomery Ward & Company, Inc.,* 66 Wis.2d 53, 224 N.W.2d 389 (1974), this way:

> In *Yanta,* the plaintiff was discharged from her employment. She initially filed a complaint with DILHR, alleging a violation of the Fair Employment Act. DILHR found the discharge to be an act of sex discrimination and awarded prospective relief only, ordering the defendant to reinstate the plaintiff and to cease and desist from further discrimination. The plaintiff subsequently commenced a civil action in circuit court, alleging that her discharge was discriminatory, and seeking damages that included back pay and attorney's fees. On appeal, the plaintiff argued that the provisions of the Fair Employment Act created a private civil cause of action to recover for injuries arising out of employment discrimination. The primary issue therefore was whether the plaintiff's complaint stated a cause of action.
>
> *We held that the plaintiff's complaint stated a cause of action insofar as it sought damages for lost wages while the plaintiff was unemployed.* We also held that the plaintiff's right to damages was limited to the right to seek recovery for lost wages, rather than for emotional harm, harm to reputation, or attorney's fees, stating: "The statutes [the Fair Employment Act] expressly refer to harm from loss of wages; they do not refer to emotional or reputation harm or attorney's fees." 66 Wis.2d at 62–63, 224 N.W.2d 389.
>
> The concern in *Yanta,* therefore, was with the narrow issue of whether the plaintiff could maintain a private civil cause of action in court under the Fair Employment Act. *In deciding this issue, we looked to the express language of the Act to establish the paramenters of that cause of action, including the type of damages that would be allowable in a private civil action brought in court....*

*Watkins v. Labor & Industry Review Commission,* 117 Wis.2d 753, 759–760, 345 N.W.2d 482, 486 (1984) (emphasis added).

The Court has carefully considered the import of the state supreme court's ruling in *Watkins v. Labor & Industry Review Commission,* 117 Wis.2d 753, 345 N.W.2d 482 (1984), and has, in this undertaking, reviewed again the *Yanta-Kurtz-Bachand* trilogy discussed at length by the parties and those branches of this Court that have addressed this issue to date. Admittedly, the private right of action recognized by the *Watkins* court is expressly restricted to the recovery of lost wages. Nevertheless, this Court does not interpret Justice William A. Bablitch's recent statement in this area so narrowly as to preclude *any* private cause of action under the circumstances of the present case.

In the Court's view, the mere fact that *Watkins* does not explicitly authorize a private cause of action with respect to the underlying issue of liability does not signal the Wisconsin Supreme Court's intention to place so restrictive a gloss on the Wisconsin Fair Employment Act, Wis.Stat. § 111.-31 *et seq.*, that recovery of back wages should be precluded in a case like the present. Indeed, such a restrictive construction of the statute might substantially undermine the very remedial purpose for which it was enacted.

For largely the same reasons, the Court opines that past disagreements among branches of this Court with respect to the propriety of a state cause of action is not a sufficient basis upon which to decline the exercise of pendent jurisdiction. In fact, with the addition of the Wisconsin Supreme Court's opinion in *Watkins,* the Court becomes ever more convinced that any previous judicial conflicts on this important matter may now be more spurious than real and, to engage in some limited speculation,

that the questions presented in *McCluney v. Joseph Schlitz Brewing Company*, 489 F.Supp. 24 (E.D.Wis.1980), and *Otero v. Federal Casting Division of Chromalloy American Corporation*, Case No. 82–C–1484 (E.D.Wis., October 7, 1983), might be resolved differently today. Accordingly, this Court must reject the defendant's peripheral argument that treatment of its position on the plaintiff's state claim is, in some manner, dependent upon the "luck of the draw." Defendant's *Reply Brief* at 6 (December 11, 1984).

Yet just as clearly as the Wisconsin Supreme Court's recent decisions necessitate denial of the defendant's Rule 12(c) motion with respect to the very existence of *some* cause of action under the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, those recent pronouncements dictate that any recovery to which the plaintiff might be entitled under state law be limited to lost wages. As the defendant accurately observes, the most unequivocal expression of this principle is found in *Yanta v. Montgomery Ward & Company, Inc.*, 66 Wis.2d 53, 62–63, 224 N.W.2d 389, 391 (1974), in which the state supreme court discussed the relevant policy considerations, precedential authority, and statutory language before concluding that the "plaintiff's right to damages [must be limited] to the right to seek recovery for lost wages rather than for emotional harm, harm to reputation, or attorney's fees." As indicated above, that position was reaffirmed in both *Kurtz v. City of Waukesha*, 91 Wis.2d 103, 280 N.W.2d 757 (1979), and *Watkins v. Labor & Industry Review Commission*, 117 Wis.2d 753, 345 N.W.2d 482 (1984).

ᐟ In short, this Court declines to construe the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.*, so liberally as to disregard the clear interpretation articulated by the state's highest tribunal several contexts. This, when coupled with the clear prohibition on recovery of compensatory and punitive damages under the federal Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq., see Pfeiffer v. Essex Wire Corpora-*

*tion*, 682 F.2d 684 (7th Cir.1982), necessitates that the defendant's motion in this context be granted.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES the defendant's motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, insofar as it seeks dismissal of the plaintiff's entire cause of action under the Wisconsin Fair Employment Act, Wis. Stat. § 111.31 *et seq.*

The Court hereby GRANTS the defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, insofar as it seeks dismissal of the plaintiff's claims for compensatory and punitive damages under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, and the Wisconsin Fair Employment Act, Wis.Stat. § 111.31 *et seq.* As to his cause of action under the state statute, the defendant shall be permitted to seek recovery of lost wages alone.