John JACKMAN, Plaintiff,

v.

WMAC INVESTMENT
CORPORATION, Defendant.

Civ. A. No. 83–C–477.

United States District Court,
E.D. Wisconsin.

June 14, 1985.

Terry E. Nilles, Milwaukee, Wis., for plaintiff.

Gilbert W. Church, Milwaukee, Wis., for defendant.

## DECISION

REYNOLDS, Chief Judge.

This is a diversity action for compensation due under a deferred compensation plan between the defendant and its executive employees. On November 19, 1984, the Court granted the plaintiff's motion in limine excluding extrinsic evidence of the parties' intent in drafting the agreement. The parties stipulated that this ruling predetermines the outcome of this issue at trial, and stipulated to the entry of judgment to permit the defendant to appeal.

The parties' stipulation reserved the issue of the plaintiff's entitlement to an award of attorneys' fees as "expenses" under § 109.03(6) Wis.Stats. which provides:

> **(6) Wage claim.** In an action by an employe against the employer on a wage claim, no security for payment of costs is required. In any such proceeding the court may allow the prevailing party, in addition to all other costs, a reasonable sum for expenses. No assignee of a wage claim shall be benefited or otherwise affected by this subsection except as expressly provided by § 109.09.

There are no reported decisions construing this statute. Oral argument on the plaintiff's motion was heard on March 29, 1985, and the Court issued a bench decision for the plaintiff which forms the basis for this written decision.

The plaintiff contends that the authorization for a "reasonable sum for expenses" should be construed to include attorneys' fees, since legal fees comprise the bulk of any employee's expense in pursuing a wage claim. Moreover, construction of the statute to include attorneys' fees comports with the common usage of the term "expenses." Finally, the plaintiff argues that the proposed construction is consistent with the public policy behind the statute, since it recognizes the inequality in bargaining power between employers and their employees and encourages employees to pursue wage claims.

The defendant argues that there is no specific authorization for an award of attorneys' fees in § 109.03(6), and consequently, an award of fees would be in derogation of the American Rule that requires litigants to bear their own legal expenses. The defendant also contends

that the legislative history of this statute demonstrates that the authorization for expenses was never intended to include an award of attorneys' fees. Finally, the defendant urges the Court to exercise its discretion to deny an award even if the statute is construed to include attorneys' fees as expenses; since the plaintiff doesn't need the money, the defendant denied the initial claim in good faith, and the fees requested are excessive under the circumstances.

The parties agree that the plaintiff is the prevailing party at this stage of the litigation, and that the plaintiff's claim for deferred compensation is a wage claim under § 109.03. Thus, the only issue is whether an award of attorneys' fees is authorized under § 109.03(6) Wis.Stats.

The legislative history of this statute is not helpful in resolving this dispute. The statute dates back to 1931. The 1931 statute is identical to the present provision, except there was a ten dollar limit on allowable "expenses." The statute remained essentially unchanged until 1975, when the legislature eliminated the ten dollar limit without comment.

The defendant argues that attorneys' fees were never contemplated as allowable expenses, since ten dollars was insufficient to pay a party's legal expenses in 1931. Although the Court questions whether ten dollars was an insignificant award at that time, the decision cannot be based upon the relative value of the dollar in 1931. Statutes must be construed as living documents if they are to remain workable with the passage of time. Thus, the decision to eliminate the ten dollar limit in 1975 must be considered independently, and not simply as an extension of the 1931 legislature's intent.

Construing the authorization for an award of expenses to include attorneys' fees is consistent with the common meaning of the term, and reflects the fact that the most significant expense confronting an employee with a wage claim is compensation for an attorney. The majority rule among the states includes attorneys' fees in an authorization for expenses as opposed to a limited provision for costs. This construction is especially appropriate for a statute governing wage claims which are included in the category of claims where attorneys' fees are customarily awarded. See the Fair Labor Standards Act, 29 U.S.C. § 216(b).

The American Rule precluding an award of attorneys' fees to a prevailing party absent express statutory authorization has been gradually eroding. The Wisconsin Supreme Court recently ruled that attorneys' fees could be awarded under the Wisconsin Fair Employment Act despite the lack of an express authorization, because such an award is consistent with the purpose and the broad remedial language of the statute. *Watkins v. Labor & Industry Review Commission*, 117 Wis.2d 753, 345 N.W.2d 482 (1984). An award of attorneys' fees as expenses under § 109.03(6) is also consistent with the statutory purpose.

Having concluded that § 109.03(6) authorizes an award of fees, the Court must consider whether to exercise its discretion to award fees in this case. The fact that this plaintiff may not need the money because of the size of his wage claim and his subsequent employment in a well-paying position does not justify the denial of the motion for fees. The statute does not incorporate a need standard and cannot be construed to apply only to hourly wage earners. The purpose of the statute is to require employers to promptly pay wages when due, and the financial circumstances of the employee have no bearing on the amount of wages due, which would necessarily be reduced by a failure to compensate the prevailing employee for expenses incurred in pursuing the wage claim.

Finally, the Court finds that the fees requested are justified even though the case did not proceed to trial. The plaintiff had to be ready for trial despite the pending motion which ultimately made trial unnecessary, and submitted a detailed final pretrial report which demonstrates substantial trial preparation. The $20,000 request is based on a rate of $70 per hour

which is well within the average for similar legal work in this area.

IT IS THEREFORE ORDERED that the plaintiff's motion for an award of attorneys' fees pursuant to § 109.03(6) is granted.