**Frederick F. BOCZON, Plaintiff,**

v.

**NORTHWESTERN ELEVATOR CO., INC., Defendant.**

No. 86–C–1158.

United States District Court,
E.D. Wisconsin.

Feb. 11, 1987.

Matthew R. Robbins, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, Wis., for plaintiff.

Fred G. Groiss, Ely A. Leichtling, Lynne English, Quarles & Brady, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff Frederick F. Boczon was discharged by the defendant, Northwestern Elevator Co. (Northwestern), from his position as a journeyman elevator constructor and repair man in October 1985. At that time, Mr. Boczon was 55 years old. The plaintiff filed an age discrimination charge with the EEOC on January 22, 1986, alleging that he was unlawfully discharged because of his age. A charge was also filed with the Wisconsin Equal Rights Division. More than sixty days having elapsed since these administrative filings, the plaintiff filed the instant action in November 1986 pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Mr. Boczon's complaint also contains a pendent state claim under the Wisconsin Fair Employment Act (WFEA), Wis. Stats. § 111.31, *et seq.* Mr. Boczon is seeking reinstatement, back pay and benefits, attorneys' fees, liquidated damages and other equitable relief.

Currently before the court are two motions filed by the defendant. Northwestern seeks dismissal or summary judgment on the pendent state claim arising out of the WFEA. This motion, treated as a motion to dismiss, will be granted. The defendant also seeks to join two additional defendants in this matter: International Union of Elevator Constructors and its local, Local No. 15 (unions). The latter application will be denied.

## MOTION TO DISMISS WFEA CLAIM

Although the defendant has submitted a number of exhibits in support of its motion for dismissal or summary judgment, in my opinion, these exhibits are irrelevant to the issue before me. Thus, in addressing this application, I have not considered matters extraneous to the pleadings; I proceed to resolve this motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

In ruling on a 12(b)(6) motion, I must assume that all of the allegations in the complaint are true. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985). A claim should be dismissed "only if it appears beyond doubt that the plaintiff is unable to prove any set of facts that would entitle the plaintiff to relief." *Doe v. St. Joseph's Hospital*, 788 F.2d 411, 414 (7th Cir.1986). Because I conclude that Mr. Boczon's allegations do not entitle him to pursue a private cause of action under the WFEA, I am persuaded that the plaintiff is unable to prove any facts entitling him to WFEA relief. The defendant's motion to dismiss this claim will, accordingly, be granted.

■ Pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court is bound to consider Wisconsin law on the applicability of the WFEA, a matter of state law. Wisconsin law is to be gleaned from expositions by the state legislature and the Wisconsin supreme court. *Loucks v. Star City Glass Co.*, 551 F.2d 745, 746 (7th Cir.1977). Great weight also must be given to state intermediate appellate court rulings unless such rulings are inconsistent with holdings of the state supreme court. *Brown & Williamson Tobacco Corp. v.*

*Jacobson*, 713 F.2d 262, 272 (7th Cir.1983). Even a nonappealed decision of an intermediate state court is significant evidence of state law. *Sarnoff v. American Home Products Corporation*, 798 F.2d 1075, 1084 (7th Cir.1986).

■ With respect to the WFEA, the Wisconsin legislature set forth a comprehensive system for enforcement of the act's substantive provisions. *See* Wis.Stat. § 111.39. Generally, where the state legislature provides remedies for the enforcement of certain rights, those remedies should be exclusive. *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 576 n. 17, 335 N.W.2d 834 (1983); *Ross v. Ebert*, 275 Wis. 523, 528, 82 N.W.2d 315 (1957).

One exception to this general rule was carved out by the Wisconsin supreme court. In *Yanta v. Montgomery Ward & Co., Inc.*, 66 Wis.2d 53, 224 N.W.2d 389 (1974), the court held that a plaintiff may obtain certain relief through a civil action if such relief is unavailable from the administrative agency. *Id.* at 60, 224 N.W.2d 389. In my opinion, the *Yanta* decision was helpfully clarified by a nonappealed decision of the Wisconsin court of appeals: *Bachand v. Connecticut General Life Insurance Co.*, 101 Wis.2d 617, 305 N.W.2d 149 (1980). In *Bachand*, the court held that there is no cause of action under the WFEA "as long as an adequate remedy is otherwise available in a DILHR [Department of Industry, Labor and Human Relations] proceeding." *Id.* at 627, 305 N.W.2d 149.

The significance of the *Bachand* holding is a matter of dispute among the federal district courts in Wisconsin. *Compare, e.g., Zimmer v. Manitowoc Shipbuilding, Inc.*, 603 F.Supp. 1159 (E.D.Wis.1985) (holding private age discrimination cause of action exists under WFEA) *with Mursch v. Van Dorn Company*, 627 F.Supp. 1310 (W.D.Wis.1986) (holding that WFEA does not create an implied cause of action against employer for age discrimination). This court, however, has previously found the *Bachand* holding to be compelling. *See Johnson v. Briggs & Stratton Corpo-*

*ration,* No. 81–C–79, slip op. (E.D.Wis. Sept. 21, 1981). *Accord McCluney v. Jos. Schlitz Brewing Company,* 489 F.Supp. 24 (E.D.Wis.1980) (decided prior to *Bachand,* holding that remedies provided by the legislature for enforcement of particular rights are exclusive). I am still not persuaded that Wisconsin mandatory precedent requires a contrary conclusion.

As Judge Crabb points out in her comprehensive decision on this issue, "[t]hose courts that have rejected *Bachand's* narrow interpretation of *Yanta* have based their decisions primarily on the assumption that the Wisconsin supreme court reaffirmed the existence of a private right of action in two cases decided subsequent to *Yanta." Mursch, supra,* 627 F.Supp. at 1313 (referring to *Kurtz v. City of Waukesha,* 91 Wis.2d 103, 280 N.W.2d 757 (1979) and *Watkins v. Labor and Industry Review Commission,* 117 Wis.2d 753, 345 N.W.2d 482 (1984)). On review of these decisions, I agree with Chief Judge Crabb that neither of these cases warrant a departure from the clear directive set forth in the *Bachand* decision.

In *Kurtz,* the only issue before the court was whether the exclusive remedies for sex discrimination suffered by a schoolteacher were set forth in Wis. Stat. § 118.20. The *Kurtz* court held that section 118.20 "is supplementary to the remedial provision of the Fair Employment Act." *Kurtz, supra,* 91 Wis.2d at 116, 280 N.W.2d 757. In dicta, however, the court also opined that the *Yanta* "court recognized that violation of the Act gives rise to a civil cause of action for damages for lost wages resulting from discrimination." *Id.* at 113, 280 N.W.2d 757. This dicta is insufficient to persuade me to veer from the clear rule of *Bachand.*

*Watkins* is similarly unpersuasive. In that case, the supreme court authorized *administrative* awards of attorneys' fees. Again, the court referred to the *Yanta* case suggesting that it established "a private civil cause of action in court under the Fair Employment Act." *Watkins, supra,* 117 Wis.2d at 760, 345 N.W.2d 482. This suggestion, in my opinion though, does not accurately reflect the *Yanta* holding, nor does it negate the precedential value of *Bachand.*

Thus, the only Wisconsin case directly to address the issue of whether and under what circumstances a private cause of action for a WFEA claimant exists is *Bachand.* Until the Wisconsin supreme court issues an opinion containing *ratio decidendi* contrary to the holding in *Bachand,* I am bound by the court of appeals' nonappealed exposition on this point of Wisconsin law.

Because the plaintiff has not alleged that remedies available to him in a DILHR proceeding are inadequate, I am satisfied that Mr. Boczon does not have a private cause of action under the WFEA. "Given DILHR's familiarity with WFEA provisions and regulatory scheme, its expertise in fact-finding in this area, and its ability to afford a complainant adequate relief, including backpay and attorney's fees, the better view is that DILHR should be the exclusive avenue for pursuing remedies under WFEA." Sholl, Does Wisconsin's Fair Employment Act Provide a Private Civil Cause of Action?, Milwaukee Lawyer, Nov. 1986, at 21. Mr. Boczon is in no way foreclosed from pursuing the full panoply of rights and remedies afforded to him by the ADEA. The plaintiff's WFEA claim must, therefore, be dismissed, without prejudice, for failure to state a cause of action.

### MOTION TO JOIN ADDITIONAL DEFENDANTS

Northwestern moves to join the unions as either parties needed for a just adjudication under Rule 19, Federal Rules of Civil Procedure, or to remedy their allegedly improper non-joinder pursuant to Rule 21, Federal Rules of Civil Procedure. The plaintiff contends that joinder is not appropriate under either of the rules of civil procedure identified. The plaintiff also asserts that joinder is improper because the unions were not named in the EEOC charge as required by 29 U.S.C. § 626(d). I agree only with the plaintiff's former contention.

■ It is correct that ordinarily a party not named in an EEOC charge cannot be a party to a subsequent lawsuit. *Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890, 905 (7th Cir.1981); *Elbe v. Wausau Hospital Center*, 606 F.Supp. 1491 (W.D.Wis.1985) (applying rule to ADEA case). However, this general rule is not without exception. *See, e.g., Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir.1979) (party not named in EEOC charge, but afforded the opportunity to participate in EEOC conciliation proceedings, may be named as party in subsequent lawsuit).

■ In my opinion, an exception would be warranted in the instant case. Although the EEOC prior charge requirement should apply to a plaintiff seeking to join a party defendant not named in its EEOC charge, the rule should not preclude a defendant, who had no control over the EEOC charging decision, from seeking proper joinder of an additional defendant. Thus, I disagree with the plaintiff that joinder would not be permitted because the unions were not named in the EEOC charge filed prior to commencement of the instant civil action.

I am, however, not persuaded that joinder is proper under the Federal Rules of Civil Procedure. Considering Rule 19 joinder first, I conclude that none of the rule's prerequisites exist in this case. "The desirability of joining a party depends on whether (1) complete relief can be granted in his absence; and (2) whether his interests will be prejudiced or those already parties will be subjected to a substantial risk of incurring inconsistent obligations." *Le Beau v. Libby-Owens-Ford Company*, 484 F.2d 798, 800 (7th Cir.1973).

In bringing this motion, the defendant is not alleging that absent joinder "complete relief cannot be accorded among those already parties." Rule 19(a)(1), Federal Rules of Civil Procedure. The defendant acknowledges that the unions' interest in this matter is not affected by the relief sought. Rather, it is Northwestern's contention that the second standard, set forth in Rule 19(a)(2), Federal Rules of Civil Procedure, applies. I disagree.

■ Rule 19(a)(2) mandates that an absent party must be joined if "he *claims an interest* relating to the subject of the action *and* is so situated that the disposition of the action in his absence may ... leave any of the persons already parties subject to a *substantial risk* of incurring double, multiple or otherwise inconsistent obligations...." Rule 19(a)(2), Federal Rules of Civil Procedure (emphasis added). In this case, neither of the proposed defendants "claim an interest." The international union is silent on the matter, and the local has expressly disclaimed such interest. Rule 19 does not warrant joinder when the outsider does not assert an interest. *Gateway Associates, Inc. v. Essex-Costello, Inc.*, 380 F.Supp. 1089, 1094–95 (N.D.Ill. 1974). Nor does the rule envision joinder when interest in the action is disclaimed by the prospective party. *Morgan Guaranty Trust Co. v. Martin*, 466 F.2d 593, 597 (7th Cir.1972).

Even if the unions had claimed an interest in this action, I still would not order joinder pursuant to Rule 19, Federal Rules of Civil Procedure; I am not convinced that Northwestern would face a "substantial" risk of incurring inconsistent obligations. The defendant contends that certain provisions of its collective bargaining agreement with the unions give rise to a potential risk of inconsistent obligations in this case. This collective bargaining agreement provides that mechanics who "permanently live in an area" have priority in hiring and are the last to be laid off. The defendant postulates that if the unions are not bound by the ultimate resolution of this action, and if the relief afforded Mr. Boczon includes reinstatement, such reinstatement may cause Northwestern to violate the hiring preference or lay off protection provisions of the agreement and subject it to a consequent claim by the unions.

■ However, in an affidavit submitted in opposition to the defendant's joinder motion, a representative of the local union states that no violation of the collective bargaining agreement would occur if Northwestern were ordered to recall an

illegally discharged employee to work. In my opinion, if Mr. Boczon is found to have been illegally discharged or laid off, and reinstatement is ordered, any claim raised by the union regarding a collective bargaining agreement violation would be frivolous at best. No substantial risk of incurring inconsistent obligations exists where there is only a risk of a frivolous lawsuit, *Dunlop v. Beloit College*, 411 F.Supp. 398 (W.D.Wis.1976), or where the absent party has no cause of action against parties already named. *Morgan Guaranty Trust Co., supra*, 466 F.2d at 596.

 Similarly, substantial risk of inconsistent obligations does not arise out of issues concerning Mr. Boczon's training. Although it appears that the unions are involved in training, and Mr. Boczon's initial EEOC charge alleged improper administration of training, the complaint in this civil case does not allege that any joint training programs were unlawfully applied. Accordingly, joinder under Rule 19 is not called for in this case.

Turning now to Rule 21, Federal Rules of Civil Procedure, as a possible vehicle for joinder in this case, I am similarly unmoved. "Parties may be dropped or added by order of the court or on motion of any party ... on such terms as are just. In my opinion, the costs associated with the ordering of joinder of the unions as parties-defendants in this matter are not outweighed by the admittedly slight and highly attenuated contingency that a possible remedy ordered by this court might inspire the union to charge Northwestern with violation of its collective bargaining agreement. *Cf. New York State Assoc. for Retarded Children, Inc. v. Carey*, 438 F.Supp. 440, 443 (E.D.N.Y.1977) (permitting Rule 21 joinder of union to determine whether any rights under the collective bargaining agreement affected by the federal suit when union concurrently litigating same issue in state court). Heeding the admonishment of Rule 1, Federal Rules of Civil Procedure, that the rules of procedure "shall be construed to secure the just, speedy, inexpensive determination of every action," I am satisfied that joinder of the unions pursuant to Rule 21, Federal Rules of Civil Procedure, is unwarranted.

Therefore, IT IS ORDERED that the defendant's motion to dismiss plaintiff's claim under the Wisconsin Fair Employment Act be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's claim arising under the Wisconsin Fair Employment Act be and hereby is dismissed, without prejudice.

IT IS FURTHER ORDERED that the defendant's motion to join additional defendants be and hereby is denied.