**V. Thomas SHANAHAN, Plaintiff,**

v.

**WITI–TV, INC., Defendant.**

**Civ. A. No. 82–C–392.**

United States District Court,
E.D. Wisconsin.

Sept. 30, 1982.

---

is above.

Mark J. Rogers, Milwaukee, Wis., for plaintiff.

Renee L. Johnson, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff V. Thomas Shanahan filed this action in the Milwaukee County Circuit Court alleging that defendant WITI–TV, Inc., terminated his employment because of his age. Plaintiff's complaint sought relief under three claims: the first claim, for violation of the Age Discrimination in Employment Act (ADEA) and the Fair Labor Standards Act (FLSA); the second claim, for violation of the Wisconsin Fair Employment Act, Wis.Stat. §§ 111.31–111.37 (WFEA); and the third claim, for wrongful discharge in tort and in breach of contract. On March 31, 1982, the defendant removed this action to this court pursuant to 28 U.S.C. § 1441(c). This court has jurisdiction under 28 U.S.C. § 1331.

Presently before this Court is the defendant's motion to dismiss, or alternatively, to strike from the complaint plaintiff's second claim, plaintiff's third claim, and plaintiff's request for compensatory and punitive damages.

Defendant argues that no private cause of action exists under the WFEA and that plaintiff's exclusive remedy is to seek administrative relief from the Wisconsin Department of Industry, Labor, and Human Relations (DILHR). Furthermore, defendant argues that if a private cause of action exists under the WFEA, plaintiff has failed to exhaust his administrative remedies and therefore may not seek judicial relief. Plaintiff's third claim, defendant argues, is also an action that is not recognized under Wisconsin law. Finally, defendant argues that under ADEA, plaintiff is not entitled to compensatory or punitive damages.

For the reasons below, the Court holds that plaintiff is entitled to assert its second claim, but that plaintiff's third claim must be dismissed. The Court further holds that it is premature to strike plaintiff's request for compensatory and punitive damages because, while such damages may not be recovered under ADEA, no arguments have been made as to whether they are allowed under Wisconsin law.

## I. EXCLUSIVITY OF ADMINISTRATIVE REMEDIES UNDER WFEA

The WFEA was originally enacted in 1945. In 1957, the Wisconsin Supreme Court in *Ross v. Ebert,* 275 Wis. 523, 82 N.W.2d 315 (1957), held that this enactment did not give rise to an implicit cause of action for employment discrimination. Rather, the only remedy available to one who was discriminated against was to complain to the industrial commission. The commission could only investigate and publicize the matter, and make recommendations to the parties.

The foundations of the *Ross* decision were undercut by later amendments to the WFEA, and in 1974, the Wisconsin Supreme Court held that an implied cause of action now exists. The court in *Yanta v. Montgomery Ward & Co.,* 66 Wis.2d 53, 59, 224 N.W.2d 389 (1974), first noted that employment discrimination was now expressly declared illegal by Wis.Stat. § 111.325, so that that portion of the *Ross* decision was no longer viable. Turning then to *Ross's* discussion of the WFEA's remedies, the *Yanta* court cited *Ross's* substantial reliance on the legislative history indicating an intentional decision not to put "teeth" into the

statute. The *Yanta* court held that the amendments to the WFEA had indicated a legislative intention that the law have teeth.

The defendant argues that the implied cause of action *Yanta* recognized under the WFEA is limited to the narrow facts of that case. The plaintiff in *Yanta* had filed a complaint before DILHR and DILHR found the plaintiff's discharge was an act of sex discrimination. DILHR awarded her prospective relief, which, at that time, was all DILHR was authorized to do. Shortly thereafter, the WFEA was amended to authorize DILHR to award back pay. The plaintiff then sued for back pay and other damages on the theory that Wis.Stat. §§ 111.31–111.37 "create a private civil cause of action to recover for past injuries arising out of employment discrimination." 66 Wis.2d at 56, 224 N.W.2d 389.

As support for this narrow reading of *Yanta,* defendant cites a recent Wisconsin court of appeals decision, *Bachand v. Connecticut General Life Insurance Co.,* 101 Wis.2d 617, 305 N.W.2d 149 (1981). The court of appeals read *Yanta* to mean that:

"[w]hen the legislature provides a new remedy for unlawful discrimination, the remedy is exclusive except where: (1) the legislature provides a new remedy (backpay in this instance); (2) for a proven statutory violation which previously was not available in the administrative process, and (3) which new remedy was not available to the plaintiff in the DILHR action simply because the amendment came too late." 101 Wis.2d at 625, 305 N.W.2d 149.

Defendant argues that in this case, the *Yanta* "exception" does not apply.

■ This Court is bound to apply Wisconsin's state law as determined by the legislature and the Wisconsin Supreme Court, *Loucks v. Star City Glass Co.,* 551 F.2d 745, 746 (7th Cir.1977), and is not bound by the interpretation of *Yanta* in *Bachand.* This Court disagrees with *Bachand's* interpretation of *Yanta* and finds it contrary to Wisconsin Supreme Court precedent. *Bachand* emphasized that the *Yanta* court framed

the issue presented in *Yanta* as follows: "The narrow question now before us is whether this court can now take cognizance of the change in legislative attitude, so as to permit the plaintiff to pursue a cause of action for lost wages," 66 Wis.2d at 61, 224 N.W.2d 389. *Bachand* held that implicit in this was "the realization that while the legislature now mandated a benefit in the form of lost wages for discriminatory acts, that relief was unavailable from the administrative agency at the time the plaintiff pursued her DILHR action." 101 Wis.2d at 625, 305 N.W.2d 149. Of course, the quoted language from *Yanta* could also refer to the change in legislative attitude since the *Ross* decision.

■ Reading *Yanta* as a whole indicates that the court was indeed recognizing an implied private cause of action under the WFEA. Nowhere did the court explicitly limit its holding to the facts of that case. In fact, the court stated that "the issue presented to the court in *Ross* was precisely the same issue presented here—whether plaintiff could receive relief through a civil action unavailable from the administrative agency." 66 Wis.2d at 60, 224 N.W.2d 389. Nor did the *Yanta* court emphasize that the legislative expansion of the WFEA occurred after the DILHR considered plaintiff's charge. The court's only reference to the timing of the charge was to state that the timing did not "present any difficulties" in recognizing the implied cause of action. 66 Wis.2d at 62, 224 N.W.2d 389.

*Yanta* found an implied private cause of action by applying the usual rules to inferring such causes of action. The court began by quoting the guidelines provided in 1 Am.Jur.2d *Actions* § 73. The court then analogized to tort law where the "court has held numerous times that where a defendant violates a statute designed to prevent a certain kind of harm to a certain class of persons, and the plaintiff was so harmed and was in that class of persons, then violation of the statute constitutes negligence per se even though the statute contains no such express provision." 66 Wis.2d at 61–62, 224 N.W.2d 389. The court noted that

the defendant in *Yanta* had "breached a duty owed to the plaintiff" and "should therefore be required to compensate plaintiff for causing the kind of harm the statute was designed to prevent." 66 Wis.2d at 62, 224 N.W.2d 389. The court characterized its action in inferring a private cause of action as "no different[ ] than in situations where it creates a new cause of action based on, for example, a section of the restatement." 66 Wis.2d at 62, 224 N.W.2d 389.

The Wisconsin Supreme Court's decision in *Kurtz v. City of Waukesha,* 91 Wis.2d 103, 280 N.W.2d 757 (1979), confirms that *Yanta* did not merely create an exception to *Ross,* but rather held that *Ross* was no longer valid. The plaintiff in *Kurtz* was a teacher who was denied sick leave pay during the time she was disabled as a result of pregnancy. She alleged, inter alia, that such denial constituted sex discrimination in violation of the WFEA. The *Kurtz* court held that the complaint stated a cause of action under the WFEA, noting that *Yanta* recognized that a violation of the act gives rise to a civil cause of action for lost wages resulting from the discrimination. 91 Wis.2d at 113, 280 N.W.2d 757.

Defendant incorrectly labels *Kurtz's* reference to *Yanta* as dicta. While the precise argument that the defendant in *Kurtz* made against the plaintiff's WFEA claim was that Wis.Stat. § 118.20 was the exclusive remedy for discrimination against teachers, the issue before the court was whether "the complaint allege[d] facts sufficient to constitute a cause of action." 91 Wis.2d at 107, 280 N.W.2d 757. It is significant to note that nothing in the *Kurtz* decision suggests that the plaintiff there had pursued her administrative remedy through DILHR.

The foregoing convinces this Court that the Wisconsin Supreme Court has recognized an implied private cause of action under the WFEA, and that the administrative remedies through DILHR are not exclusive.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ Defendant argues that even if the administrative remedies under the WFEA are not exclusive, plaintiff must exhaust those remedies once he files a complaint before DILHR. This argument might carry more weight if the federal scheme of enforcing ADEA were silent with respect to state proceedings (or if no ADEA claim was made with the WFEA claim). But the federal scheme is not silent about state proceedings, and in an action asserting claims under ADEA and under state law, requiring exhaustion would serve no purpose.

In a state which has an age discrimination law and a state agency to grant or seek relief from such discrimination, an action under ADEA may not be commenced before 60 days after the commencement of the state proceedings. 29 U.S.C. § 633(b).[1] However, after that the ADEA action may be brought. Therefore, exhaustion of state remedies is not a prerequisite to filing an ADEA action.

Since plaintiff has the right to assert his ADEA claim without exhaustion of state administrative remedies, no purpose would be served by requiring exhaustion before the plaintiff may assert a pendent state cause of action. "The basic purpose of the exhaustion doctrine is to allow the administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Continental Can Co., U.S.A. v. Marshall,* 603 F.2d 590, 597 (7th Cir.1979). To require exhaustion in this case would neither produce a factual record for this court, nor could it possibly moot the controversy before this court. Because this case

1. While some courts have held this to be a jurisdictional prerequisite, other courts have concluded that the provision only is relevant when an individual decides to pursue a state administrative remedy. In that case, the provision would give state officials 60 days to act without concern that a federal suit would be brought. Comment, *Procedural Prerequisites to Private Suit Under the Age Discrimination in Employment Act,* 44 Chi.L.Rev. 457, 475 (1977).

does not seek to review an agency's action, correction of an agency's errors is not an issue. This Court must develop its own record and decide issues that are essentially the same as those to be decided under state law. To require exhaustion under these circumstances would merely result in unnecessary duplication of effort.

While 29 U.S.C. § 633(a) operates to stay any state proceedings upon the commencement of the ADEA action,[2] this stay does not imply that a pendent state cause of action is not permitted. Section 633 refers to the jurisdiction of state agencies whose function it is to prevent employment discrimination. It provides that the jurisdiction of such a state agency is not affected by ADEA "except that upon commencement of action under [ADEA] such action shall supersede any state action." 29 U.S.C. § 633(a). Since the term "any state action" is contained in an exception to the general rule that the jurisdiction of state agencies remains unchanged, the language of § 633(a) suggests that "any state action" should be construed to mean action by a state agency or by a court reviewing the action of a state agency. In a state that has no agency with jurisdiction over age discrimination but that allows a private cause of action for age discrimination, § 633(a) would not be applicable.

This construction of § 633 allows a victim of age discrimination to continue his pursuit of state administrative remedies after the stay imposed by commencement of the federal action is lifted, should he feel that further gains can be made by pursuing those remedies. It also provides for judicial economy by permitting the plaintiff to prove his state cause of action at the same time that he proves his federal cause of action. The district courts that have considered whether a pendent state claim may be asserted with an ADEA claim are split. Compare *Sussman v. Vornado, Inc.*, 90

F.R.D. 680, 689–90 (D.N.J.1981) (pendent claim allowed) with *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793, 795–96 (D.Conn.1977) (pendent claim disallowed). For the foregoing reasons, this Court concludes that the better view is to permit the plaintiff to assert the pendent state claim.

## III. WRONGFUL DISCHARGE

The defendant argues that plaintiff's third claim for relief, which seeks to recover for wrongful discharge, fails to state a claim under Wisconsin law. Defendant argues that plaintiff was an at-will employee and that he therefore has no basis for asserting a wrongful discharge claim. Defendant cites as support *Goff v. Massachusetts Protective Association, Inc.*, 46 Wis.2d 712, 176 N.W.2d 576 (1970); *Forrer v. Sears, Roebuck & Co.*, 36 Wis.2d 388, 153 N.W.2d 587 (1967); *Kovachik v. American Automobile Association*, 5 Wis.2d 188, 92 N.W.2d 254 (1958).

However, where the discharge violates some clear and specific public policy, or is retaliatory or motivated by bad faith, the Wisconsin Court of Appeals has upheld the wrongful discharge claim of an at-will employee. *Ward v. Frito-Lay Inc.*, 95 Wis.2d 372, 290 N.W.2d 536 (Ct.App.1980). This decision does not conflict with the Wisconsin Supreme Court cases relied on by the defendant because none of those cases involved a bad faith discharge or a discharge that violated public policy.

Nonetheless, this Court agrees with the decision of Judge Gordon in *McCluney v. Jos. Schlitz Brewing Co.*, 489 F.Supp. 24, 26 (E.D.Wis.1980), that a Wisconsin court would only apply the public policy exception to the at-will employment rule when there was no other adequate remedy to vindicate such policy. In this case, the WFEA and ADEA provide specific remedies to the plaintiff and adequately serve to promote

---

**2.** Section 633(a) states that an action commenced under ADEA shall "supersede" any state action. The legislative history to ADEA construed "supersede" to mean "stay." H.R. Rep. No. 805, 90th Cong., 1st Sess., reprinted in 1967 U.S.Code Cong. & Ad.News 2213, 2224.

Subsequent decisions have also given § 633 that construction. See *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793 (D.Conn.1977); *National Cash Register v. Riner*, 413 A.2d 890, 893 (Del.Super. Ct.1979).

the state's policy against age discrimination. Therefore, plaintiff's third claim will be dismissed and struck from the complaint.

## IV. COMPENSATORY AND PUNITIVE DAMAGES

Defendant's final argument is that the plaintiff is not entitled to compensatory and punitive damages. The Seventh Circuit has recently held that such damages may not be recovered under ADEA. *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684 (7th Cir.1982). However, no arguments have been presented on whether such damages are recoverable under the pendent Wisconsin claim. Since the prayer for relief requesting such damages is not limited to the ADEA claim, the Court cannot at this time order plaintiff's prayer for compensatory and punitive damages struck from the complaint.

THEREFORE, IT IS ORDERED that:

1. Defendant's motion to dismiss or strike plaintiff's second claim for relief is denied.

2. Defendant's motion to dismiss or strike plaintiff's third claim for relief contained in paragraphs 14, 15, and 16 of the plaintiff's complaint is granted.

3. Defendant's motion to dismiss plaintiff's prayer for compensatory and punitive damages is denied.