**David R. KOEHN, Plaintiff-Appellant,**

**v.**

**PABST BREWING COMPANY,**
**Defendant-Appellee.**

No. 84–2898.

United States Court of Appeals,
Seventh Circuit.

Argued April 29, 1985.

Decided June 6, 1985.

James P. Brennan, Brennan & Collins, Milwaukee, Wis., for plaintiff-appellant.

Thomas E. Obenberger, Michael, Best & Friedrich, Milwaukee, Wis., for defendant-appellee.

Before CUDAHY and POSNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

PER CURIAM.

The plaintiff in this diversity action, Koehn, was employed by the defendant in Wisconsin as a salesman. He had no employment contract; he was an employee at will. He was seriously injured in the course of his employment and was—he alleges—fired as a result. He claims that by firing him because of his injury, the defendant violated the common law of Wisconsin. The district judge dismissed the complaint on the defendant's motion, and Koehn has appealed.

Under the law of Wisconsin, a wrongful discharge of an employee at will occurs when "the discharge is contrary to a fundamental and well-defined public policy" "evidenced by a constitutional or statutory provision." *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 573, 335 N.W.2d 834, 840 (1983). And as a matter of fact a Wisconsin statute, the Fair Employment Act, Wis.Stats. §§ 111.31 *et seq.*, forbids employment discrimination against the handicapped. We may assume therefore that if Koehn was fired for the reason he asserts, he was fired in violation of "well defined public policy" "evidenced by a ... statutory provision." But normally when there are available administrative remedies for a wrong, they must be exhausted before the victim can bring a lawsuit. *Nodell Investment Corp. v. City of Glendale*, 78 Wis.2d 416, 254 N.W.2d 310 (1977). There are remedies here, and

Koehn made no effort to invoke them. He could have complained to the Wisconsin Department of Industry, Labor and Human Relations, and have gotten judicial review of the Department's final action on his complaint. See Wis.Stats. § 111.39.

Although *Nodell* was decided before *Brockmeyer* and did not involve a common law wrong, a pregnant footnote in *Brockmeyer* states: "Where the legislature has created a statutory remedy for a wrongful discharge, that remedy is exclusive." 113 Wis.2d at 576 n. 17, 335 N.W.2d at 842 n. 17 (citation omitted). See also *Shanahan v. WITI–TV, Inc.,* 565 F.Supp. 219, 224–25 (E.D.Wis.1982); *McCluney v. Jos. Schlitz Brewing Co.,* 489 F.Supp. 24, 26–27 (E.D. Wis.1980). This goes even further than exhaustion of remedies; this makes the administrative remedies exclusive. We need not decide whether the Wisconsin courts would go so far in a case that squarely presented the issue. The footnote was dictum; and anyway footnotes are not the most authoritative source of legal doctrine. The only thing we need decide is that one cannot bring a suit for wrongful discharge under the law of Wisconsin if one has not sought administrative redress, if such is available.

Koehn argues that such a ruling robs *Brockmeyer* of its practical significance. But that is not so. Wisconsin does not ᴠhave a special remedial system, analogous to that for discriminatory discharges, for people who are fired because they "blew the whistle" on their employer for criminal or other unlawful acts, or refused to commit perjury for their employer, or brought a lawsuit or filed a workmen's compensation claim against their employer—all traditional examples of wrongful discharge in states like Wisconsin that recognize a cause of action for wrongful discharge of an employee at will. At all events the thrust of Wisconsin law on the subject of exhaustion of remedies is too clear to give us any alternative but to affirm.