Bruce T. **MURSCH**, Plaintiff,

v.

**VAN DORN COMPANY, d/b/a Central States Can Company, Defendant.**

No. 85–C–847–C.

United States District Court, W.D. Wisconsin.

Feb. 3, 1986.

Bryan Wycoff, Dempsey Law Offices, Whitewater, Wis., for plaintiff.

Carolyn C. Burrell, Foley & Lardner, Milwaukee, Wis., for defendant.

## ORDER

CRABB, Chief Judge.

This action arises from plaintiff's discharge from employment as a sales representative for Central States Can Company. Plaintiff alleges that the sole reason for his termination was defendant's desire to replace him with a younger man. Plaintiff asserts claims of wrongful discharge, breach of contract, and violation of the Wisconsin Fair Employment Act. Defendant has moved to dismiss the complaint for failure to state a claim, and has moved to strike all of plaintiff's demands for relief other than lost wages.

## FACTS

Taking the allegations of the amended complaint as true, and for the sole purpose of deciding this motion, I find the following facts.

Plaintiff Bruce T. Mursch is a resident of Helenville, Wisconsin. Defendant Van Dorn Company is an Ohio corporation with its home office and principal place of business in Cleveland, Ohio. Central States Can Company is a division of Van Dorn Company, with its principal place of business in Massillon, Ohio. At all times material to this action, defendant maintained commercial contacts with Wisconsin by selling products that it manufactures to Wisconsin businesses and by maintaining a sales territory in Wisconsin.

From May 18, 1981 to June 30, 1984, plaintiff was employed by defendant as a sales representative for the midwest region, pursuant to an oral contract for employment entered into on or about May 18, 1981.[1] The employment manual given to plaintiff when he was hired contains standards for determining the circumstances under which employees of the defendant will be terminated. These standards implied and indicated to plaintiff that he would not be fired except for the reasons stated in the manual or for just and reasonable cause. The manual states that the company has a policy of equal employment regardless of age, sex, race, color, religion or national origin, and provides for punishing any employee who breaks this policy. Company personnel promised plaintiff that he would not be terminated as long as he increased his sales output. Plaintiff relied on these promises, guidelines and policies, and performed all duties, obligations and conditions of his employment. During his employment, plaintiff increased his sales output.

On May 22, 1984, plaintiff's supervisor notified plaintiff that his employment was terminated. Prior to his termination, plaintiff's superiors had made no complaints to him to indicate that they were in any way dissatisfied with his performance as a sales representative. Plaintiff was terminated without just or reasonable cause, for reasons unrelated to the performance of his duties. The sole reason for terminating plaintiff was his age (48 years old), in order to replace him with a younger person, contrary to defendant's policies and standards for employment as stated in defendant's employment manual. Because plaintiff is unable to explain his termination to the satisfaction of potential employers, he has lost numerous opportunities for employment. Despite diligent efforts to find new employment, plaintiff has been unemployed since he left Central States on June 30, 1984.

Central States, through its officers and representatives, hired a younger man to replace plaintiff. George Smart, president of Central States, Gerald Bowman, vice-president in charge of administration of Central States, Lawrence Jones, president and chairman of the board of Van Dorn,

---

1. The amended complaint alleges that the oral contract was entered into on May 18, 1984. In his brief in opposition to defendant's motion to dismiss, plaintiff states that this is a typographical error, and that plaintiff entered into the oral contract on May 18, 1981.

and Paul Weston, plaintiff's supervisor, knew that the reason plaintiff was fired was to replace him with a younger man, and each of them acted intentionally to terminate plaintiff or approve his termination because of his age.

As a result of his termination, plaintiff suffered extreme emotional distress, humiliation, physical illness, loss of professional reputation, loss of wages, and other pecuniary damages. Plaintiff seeks back pay, compensatory damages, punitive damages, and reinstatement to his position as sales representative.

## OPINION

### Wisconsin Fair Employment Act

In his first cause of action, plaintiff asserts that defendant's actions violated the Wisconsin Fair Employment Act, Wis.Stat. §§ 111.31–111.395 (1983–84). Defendant argues that the administrative remedies available under the act are exclusive, and that plaintiff has no private right of action for violation of the act's provisions.

The Wisconsin Fair Employment Act prohibits employment discrimination on the basis of age. *See* Wis.Stat. §§ 111.321 and 111.33. The act provides that the Department of Industry, Labor and Human Relations shall administer its provisions, and gives the department authority to investigate complaints of discrimination, hold hearings, and to order relief, including back pay. *See* Wis.Stat. §§ 111.375 and 111.39. Administrative findings and orders are subject to judicial review. *See* Wis. Stat. § 111.395.

The Supreme Court for the State of Wisconsin first discussed the availability of private actions under the state's fair employment act in *Ross v. Ebert*, 275 Wis. 523, 82 N.W.2d 315 (1957). The court applied the general rule that when a statute creates a right and a remedy, the statutory remedy is exclusive. 275 Wis. at 528, 82 N.W. 315. The court held that, assuming the act had created a new right (to be free from racial discrimination in labor union membership), the administrative remedies

established in the act were the exclusive remedies available to plaintiffs. The court acknowledged that the statutory remedies of investigation, publicity, and moral suasion provided plaintiffs with only "cold comfort." *Id.* at 579, 82 N.W.2d 315. *Id.* at 528–29, 82 N.W.2d 315.

Nearly two decades later, the state supreme court reconsidered the exclusivity of administrative remedies under the Wisconsin Fair Employment Act in *Yanta v. Montgomery Ward & Co., Inc.*, 66 Wis.2d 53, 224 N.W.2d 389 (1974). In *Yanta*, the Department of Industry, Labor and Human Relations had found that the plaintiff had suffered from employment discrimination, and awarded prospective relief in the form of reinstatement. After the administrative proceedings had concluded, the legislature amended the fair employment act, giving the department the authority to award back wages in addition to prospective relief. The court held that this amendment also conferred a private right of judicial action for back wages upon the plaintiff. The court reasoned that the amendment signalled the legislature's intent that victims of employment discrimination should be able to recover back wages, and that the plaintiff should not be prevented from recovering back wages merely because the statutorily-provided administrative forum lacked authority to grant that relief at the time she made her complaint. 66 Wis.2d at 61–62, 224 N.W.2d 389.

*Yanta* did not expressly overrule *Ross v. Ebert*, nor did it expressly state that the private right of action is limited to claims accruing prior to the 1973 back pay amendment. *See* Comment, *Wisconsin's Fair Employment Act: Coverage, Procedures, Substance, Remedies*, 1975 Wis.L.Rev. 696, 727 n. 219. Thus, the question remained whether *Yanta* broadly sanctioned private actions under the fair employment act. In *Bachand v. Connecticut General Life Insurance Co.*, 101 Wis.2d 617, 305 N.W.2d 149 (Ct.App.1981), the Wisconsin court of appeals construed *Yanta* narrowly to have created a private cause of action only in the anomalous situation that occurred when

the legislature expanded statutory remedies after an aggrieved plaintiff had exhausted administrative enforcement mechanisms.

Implicit in the [supreme] court's framing of the issue [in *Yanta*] was the realization that while the legislature now mandated a benefit in the form of lost wages for discriminatory acts, that relief was unavailable from the administrative agency at the time the plaintiff pursued her DILHR action. Therefore, the plaintiff in *Yanta* had a right and a remedy but no forum. The supreme court concluded that it was the will of the legislature to allow a suit for lost wages. It inferred that since the new remedy was not available to the plaintiff in the DILHR action because the administrative remedy had already been terminated, it could be tried as a private action in the circuit court. The supreme court cautioned that judicial creation of a private cause of action would be contrary to legislative intent. The court stated, however, that in allowing the plaintiff to pursue a civil action, it was not creating a judicial cause of action. It was only giving the plaintiff a forum to pursue her rightful remedy as mandated by the legislature.

101 Wis.2d at 625, 305 N.W.2d 149. The court of appeals held that *Yanta* created a private cause of action only in cases in which statutory remedies were unavailable administratively. *Id.* at 626, 305 N.W.2d 149.

Federal district courts in Wisconsin have disagreed whether the court of appeals interpreted *Yanta* correctly in *Bachand.*[2] At least two judges in the Eastern District of Wisconsin have read *Yanta* broadly as creating a private right of action under the WFEA. *See Zimmer v. Manitowoc Shipbuilding, Inc.*, 603 F.Supp. 1159, 1162 (E.D.Wis.1985) (Judge Warren); *Shanahan v. WITI–TV, Inc.*, 565 F.Supp. 219, 222

(E.D.Wis.1982) (Chief Judge Reynolds). Other district courts have concluded that there is no private cause of action under the fair employment act other than in the particular situation in which *Yanta* arose. *See Gunderson v. Riverview Hospital Association*, case no. 84–C–533–S (W.D.Wis. Dec. 21, 1984) (Judge Shabaz); *McCluney v. Jos. Schlitz Brewing Co.*, 489 F.Supp. 24, 26 (E.D.Wis.1980) (Judge Gordon).

In *Elbe v. Wausau Hospital Center*, 606 F.Supp. 1491, 1500 (W.D.Wis.1985), I stated that I agreed with Judge Reynolds' conclusion in *Shanahan* that despite *Bachand*, the Wisconsin supreme court has continued to adhere to the view that there is a private right of action under the fair employment act. However, in light of recent cases decided by the Wisconsin supreme court and the Court of Appeals for the Seventh Circuit, I have reexamined that conclusion. I now conclude that *Bachand* interpreted *Yanta* correctly, and that plaintiff does not have a cause of action under the Wisconsin Fair Employment Act.

Those courts that have rejected *Bachand's* narrow interpretation of *Yanta* have based their decisions primarily on the assumption that the Wisconsin supreme court reaffirmed the existence of a private right of action in two cases decided subsequent to *Yanta*. *See Elbe*, 605 F.Supp. at 1500; *Zimmer*, 603 F.Supp. at 1162–63; *Shanahan*, 565 F.Supp. at 223. In *Kurtz v. City of Waukesha*, 91 Wis.2d 103, 113, 280 N.W.2d 757 (1979), the Wisconsin supreme court stated that *Yanta* "recognized that violation of the Act gives rise to a civil cause of action for damages for lost wages resulting from the discrimination." However, in *Kurtz*, as in *Yanta*, the discriminatory acts occurred before the 1973 back pay amendment to the fair employment act. *See Kurtz*, 91 Wis.2d at 106, 280 N.W.2d 757. Thus, the plaintiff in *Kurtz* would have had a private cause of action even

2. Although federal courts generally give great weight to state intermediate appellate courts on matters of state law, they are not bound to follow a state intermediate appellate ruling that is inconsistent with a state supreme court ruling. *See Williams, McCarthy, Kinley, Rudy & Picha v. Northwestern National Insurance Group*, 750 F.2d 619, 624 (7th Cir.1984); *Brown &, Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 272 (7th Cir.1983).

under *Bachand's* restrictive interpretation of *Yanta.* Moreover, the issue in *Kurtz* was not whether there was a private cause of action under the act, but whether Wis. Stat. § 118.20 provides the exclusive remedy for teachers suffering discrimination, or whether § 118.20 is supplementary to fair employment act remedies. *Id.* at 112–16, 280 N.W.2d 757.

In the recent case of *Watkins v. Labor & Industry Review Commission,* 117 Wis.2d 753, 345 N.W.2d 482 (1984), the state supreme court again stated that *Yanta* held that there was a private cause of action for lost wages under the Wisconsin Fair Employment Act. 117 Wis.2d at 760, 345 N.W.2d 482. However, *Watkins* was not a private action against the employer, but a review of administrative proceedings before the department, so the question of a private right of action was not before the court. Also, as in *Yanta* and *Kurtz,* the alleged acts of discrimination in *Watkins* occurred several years before the 1973 amendments to the act authorizing administrative awards of back pay. *Id.* at 755, 345 N.W.2d 482.

Thus, while *Watkins* and *Kurtz* reaffirmed the *Yanta* holding that there is a private cause of action under the fair employment act, neither case expanded the availability of that action to cases in which the full range of statutory remedies is available administratively.

In considering the scope of the private right of action created in *Yanta,* it is significant that the Wisconsin supreme court has recently reaffirmed the general rule of exclusivity of statutorily vested remedies relied upon in *Ross v. Ebert.* *See Brockmeyer v. Dun &. Bradstreet,* 113 Wis.2d 561, 576 n. 17, 335 N.W.2d 834 (1983) (citing *Ross v. Ebert*).[3] Because the general rule of exclusivity of statutory remedies is clearly the law of Wisconsin, and because

the supreme court has never extended the private cause of action created in *Yanta* to cases in which the full panoply of statutory remedies is available administratively, I conclude that the decision of the court of appeals in *Bachand* accurately states the law of Wisconsin.

This conclusion is supported further by the recent decision of the Court of Appeals for the Seventh Circuit in *Koehn v. Pabst Brewing Co.,* 763 F.2d 865 (7th Cir.1985). In *Koehn,* the plaintiff alleged that he was fired because he was handicapped, and that his termination violated the public policy against employment discrimination against the handicapped articulated in the fair employment act. The court of appeals held that in light of *Brockmeyer,* one cannot maintain an action for wrongful discharge in violation of public policy unless one has exhausted the administrative remedies available under the Wisconsin Fair Employment Act. *Id.* at 866. Although *Koehn* involved an action for wrongful discharge, not an action under the act, the rationale of that decision applies with even greater force to actions asserting violations of the act. If the existence of statutorily created administrative remedies precludes a common law wrongful discharge action based on violations of the policies enunciated in the act, these remedies should also preclude private actions founded directly on violations of the act.[4]

Finally, I note that in holding that a private cause of action is available under the Wisconsin Fair Employment Act, at least one court was influenced by the act's directive that it be liberally construed to accomplish its purposes. *See Zimmer v. Manitowoc Shipbuilding, Inc.,* 603 F.Supp. at 1162. Because the act contained a similar liberal construction directive at the time the court held in *Ross v. Ebert* that the administrative remedies are exclusive,

---

**3.** As the Court of Appeals for the Seventh Circuit has observed, this statement in *Brockmeyer* was dictum contained in a footnote. *Koehn v. Pabst Brewing Co.,* 763 F.2d 865, 866 (1985). However, the court of appeals also described this as a "pregnant footnote," *ibid,* and I agree that this footnote is highly significant.

**4.** *But see Shanahan v. WITI–TV, Inc.,* 565 F.Supp. at 223–25, holding that the availability of administrative remedies precludes a wrongful discharge action, but not a claim under the Wisconsin Fair Employment Act.

*see Ross v. Ebert,* 275 Wis.2d at 527, 82 N.W.2d 315, I do not believe that this directive evinces a legislative intent to create a private cause of action in addition to administrative remedies.

Having concluded that the *Bachand* holding is the definitive statement of Wisconsin law on the issue whether the Wisconsin Fair Employment Act creates an implied private right of action for employment discrimination, I will dismiss plaintiff's fair employment act claim for failure to state a claim.

### *Wrongful discharge contrary to public policy*

In *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834, the Wisconsin supreme court adopted an exception to the at-will employment doctrine, holding that an at-will employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law. 113 Wis.2d at 573, 335 N.W.2d 834. In his second cause of action, plaintiff asserts that his discharge violated the public policy against age discrimination in employment articulated in the Wisconsin Fair Employment Act. Defendant argues that a discharge in violation of that act is not a public policy violation actionable under *Brockmeyer.*

Resolution of this question is controlled by the recent decision of the Court of Appeals for the Seventh Circuit in *Koehn v. Pabst Brewing Co.,* 763 F.2d 865. As noted above, the plaintiff in *Koehn* alleged that he was fired because he was handicapped, and that his termination violated the public policy against employment discrimination against the handicapped evinced by the Wisconsin Fair Employment Act. The court of appeals assumed that such a discriminatory firing violated a well-defined public policy within the meaning of *Brockmeyer.* 763 F.2d at 865. Thus, *Koehn* supports plaintiff's argument that discharge in violation of the fair employment act's prohibition against age discrimination contrary is the type of public policy

violation that may support a wrongful discharge action under *Brockmeyer.*

However, *Koehn* also provides the basis for dismissal of plaintiff's wrongful discharge claim. In *Koehn,* the plaintiff had not sought administrative redress for the discrimination he suffered. The court of appeals noted that administrative remedies are available under the Wisconsin Fair Employment Act for age discrimination. Although the court stopped short of holding that the administrative remedies under the act are the exclusive remedies for wrongful discharge, it did hold that when administrative redress is available, one cannot bring a suit for wrongful discharge unless one has exhausted administrative remedies. 763 F.2d at 866. *See also Shanahan v. WITI–TV, Inc.,* 565 F.2d at 224–25.

██ In this case, plaintiff has not alleged that he has exhausted the administrative remedies available under the Wisconsin Fair Employment Act for age discrimination. Under *Koehn,* therefore, plaintiff may not maintain an action for wrongful discharge based on violation of the public policy against age discrimination enunciated in the Wisconsin Fair Employment Act.

### *Breach of contract*

In his third cause of action, plaintiff alleges that his termination breached contractually binding provisions set forth in the employment manual he received when he was hired. Defendant contends that the manual did not transform an at-will relationship into an enforceable contractual relationship.

In *Ferraro v. Koelsch,* 124 Wis.2d 154, 368 N.W.2d 666 (1985), the Wisconsin supreme court held that an employment handbook may convert an at-will relationship into one that may be terminated only in accord with contractual terms. 124 Wis.2d at 157–58, 368 N.W.2d 666. In *Ferraro,* the employment handbook contained statements by the employer concerning various policies and procedures, including the procedures to be followed when disciplining or terminating an employee. The employer

required the employee to sign a statement acknowledging that he had received the handbook and that he understood the rules and procedures and accepted them as a condition of employment. The supreme court held that the employer's promise of employment on stated terms and the employee's promise to continue employment under those conditions constituted an express contract that superseded the at-will nature of the employment. 124 Wis.2d at 164, 368 N.W.2d 666.

Defendant asserts that *Ferraro* requires two elements before an employees' manual changes an at-will relationship into an enforceable contractual relationship: the handbook must contain express promises by the employer, and the handbook must ask the employee for express responsive promises. Defendant argues that plaintiff has failed to allege either that the handbook made express promises or that he was required to make any express responsive promises. Plaintiff contends that by accepting the handbook and continuing to work, he agreed implicitly to be bound by the conditions of employment set forth in the handbook.

▮ It is true that the court in *Ferraro* frequently noted the express nature of the promises made by both employer and employee. However, the court did not limit its holding to contracts based on express promises.

We need not linger over whether or not there was a contract by implication, a contract which ripened into an enforceable one by performance, or became a contract on the basis of some other theory whereby the reasonable expectations of the parties will be enforced by a court. Here there was an express contract. . . .

124 Wis.2d at 164, 368 N.W.2d 666. This passage indicates that the court would have entertained various theories to determine whether there was a contract, but found it unnecessary to do so given the express nature of the mutual promises.

Elsewhere, the court indicated that continued performance by an employee may constitute acceptance of the handbook's terms.

We deem irrelevant whether the signing by Ferraro occurred in May or in August. Both dates preceded the facts giving rise to this lawsuit. We do not consider whether signing was even necessary, for Ferraro accepted, *i.e.*, performed, in response to and with knowledge of the handbook contents.

124 Wis.2d at 159 n. 2, 368 N.W.2d 666. In this case, plaintiff has alleged he performed his duties in reliance on the guidelines and policies set forth in the employment manual. Such a statement is sufficient to allege acceptance of contractual terms.

Defendant also argues that plaintiff's allegations with respect to defendant's promises are inadequate under *Ferraro*, because plaintiff has not alleged that defendant made express promises, only that the handbook "implied" standards for determining when employees would be fired. As noted above, *Ferraro* is not limited to express contracts. Whether there was an implied or express contract between the parties is a question for the factfinder in this case.

I conclude that plaintiff's allegations that the employment manual established conditions of employment and that he performed his work in reliance on the standards set forth in the employment manual, and that defendant terminated him in violation of these standards, are adequate to state a claim of breach of contract.

### Damages

▮ Plaintiff seeks compensatory damages for lost wages, emotional distress, physical illness, and loss of professional reputation, as well as punitive damages. Defendant has moved to strike plaintiff's demands for all damages other than back pay.

Plaintiff's only surviving claim is for breach of contract.[5] Compensatory dam-

5. Plaintiff's damages under his two other claims would not differ from the damages available in

a breach of contract action. Monetary damages under the Wisconsin Fair Employment Act are

ages for breach of employment contract are limited in Wisconsin to lost wages and expenses incurred in obtaining new employment; damages for emotional distress, humiliation and loss of reputation are not recoverable. *See Smith v. Beloit Corp.,* 40 Wis.2d 550, 589, 162 N.W.2d 585 (1968); *see also O'Leary v. Sterling Extruder Corp.,* 533 F.Supp. 1205, 1209–10 (E.D.Wis. 1982). Punitive damages are not permitted in employment contract actions. *Dvorak v. Pluswood Wisconsin, Inc.,* 121 Wis.2d 218, 221, 358 N.W.2d 544 (Ct.App.1984).

Plaintiff attempts to avoid the damages limitations of contract actions by asserting that the amended complaint also states a claim of tortious interference with contract. However, the amended complaint is devoid of any mention of a claim based on tortious interference; the first hint of a tort claim comes in plaintiff's brief. Moreover, plaintiff has not named as a defendant any individual who is alleged to have interfered with his contract with defendant. Because plaintiff has not asserted any claim sounding in tort, his relief will be limited to contractual remedies.

### ORDER

IT IS ORDERED that defendant's motion to dismiss plaintiff's first cause of action (Wisconsin Fair Employment Act) and second cause of action (wrongful discharge) is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's third cause of action (breach of contract) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's demand for all damages other than lost wages is GRANTED.

limited to back wages. *See Yanta v. Montgomery Ward & Co., Inc.,* 66 Wis.2d at 62, 224 N.W.2d 389. Damages in wrongful discharge

actions are limited to contract remedies. *See Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d at 575, 335 N.W.2d 834.