**Norbert M. JOHNSON, Plaintiff,**

v.

**WISCONSIN PUBLIC SERVICE CORPORATION, Defendant.**

No. 85-C-1194.

United States District Court,
E.D. Wisconsin.

April 30, 1987.

Lise Lotte Gammeltoft, Kaftan, Kaftan, Van Egeron, Ostrow, Gilson, Geimer & Gammeltoft, S.C., Green Bay, Wis., for plaintiff.

John Brahm, Thomas Pence, Foley & Lardner, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

CURRAN, District Judge.

Norbert M. Johnson commenced this action on August 5, 1985, alleging that he had been denied two promotions by his employer, the Wisconsin Public Service Corporation (hereinafter WPS) and that such denials were because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and the Wisconsin Fair Employment Act, Wis. Stats. §§ 111.31–111.37. Before the court is the defendant's motion for partial summary judgment.

The following facts are essentially uncontroverted. Norbert Johnson was born on September 28, 1926, and has been employed by WPS since November 1957. He has held the position of lead streetman since 1968. In February 1983, he applied for a promotion to street supervisor and was informed by a letter dated July 6, 1983, that he had not been selected for the position. An announcement was made before the end of July 1983, by WPS, that Francis Boehm, who was then 50 years old, had been selected as the new street supervisor. Johnson claims that he was dissatisfied with the decision and in September, 1983 sought a meeting with Albert Slang,

his supervisor. Johnson claims that Slang indicated that Johnson's age was the determining factor in the denial of promotion and that "the same would hold true for any future promotions." (Johnson deposition at page 57).

During the second week of October 1983, Johnson applied for the position of building services assistant. He was notified by letter dated November 7, 1983, that he had not been selected for the position and the announcement was subsequently made that Donald Campsure had been selected. Campsure was 47 years old at the time.

On July 24, 1984, Johnson filed a charge of age discrimination with the Wisconsin Equal Rights Division and the Equal Employment Opportunity Commission. An amended charge was filed on August 7, 1984. In his amended charge Johnson alleged that "on September 28, 1983, my supervisor told me I wouldn't be considered for promotion and certain jobs previously assigned to me would no longer be in the future ... In November I applied for a promotional position and was informed that they had hired someone else. Because of my previous conversation with my supervisor, I believe I was denied the promotion only because of my age...." It is the defendant's position that the plaintiff's claim concerning the street supervisor position, effectuated in July 1983, should be dismissed because Johnson failed to raise this denial of promotion in his charge of discrimination filed with the Equal Rights Division and the EEOC.

■ As the court sees it, the problem with the plaintiff's position is that he cannot refute the fact that in July of 1983, he knew that he had been denied the promotion to street supervisor and he knew that the person who received the promotion was younger. The conversation between Johnson and Slang on September 28, 1983, provided evidence which perhaps would have supported Johnson's claim that the denial of promotion was motivated by age discrimination. However, to find that this date was the date upon which the cause of action accrued would result in any new piece of evidence working to revitalize

what may have been a stale claim. This the court will not do. Johnson was well within the time limit at that point and could have immediately filed his charge with the EEOC.

This is not to say, however, that the denial of promotion in July, 1983 cannot be presented to the trier of fact as evidence of discrimination under the continuing violation theory. *Stewart v. CPC International, Inc.,* 679 F.2d 117 (7th Cir.1982); *Coleman v. Clark Oil & Refining,* 568 F.Supp. 1035 (E.D.Wis.1983). The court finds that the charge of discrimination was timely filed with respect to the denial of promotion in November and will thus permit the trier of fact to consider the prior denial.

■ The defendant next moves to dismiss the cause of action under the Wisconsin Fair Employment Act, Wis.Stat. Section 111.31 et seq. because that statutory scheme does not provide a private cause of action. The plaintiff urges this court to adopt Judge Reynolds' reasoning in *Shanahan v. WITI–TV Inc.,* 565 F.Supp. 219 (E.D.Wis.1982) in which he opined that Wisconsin courts, when presented with the issue, would recognize an implied private cause of action under the WFEA. Since that decision, however, other courts have reexamined *Yanta v. Montgomery Ward & Co., Inc.,* 66 Wis.2d 53, 224 N.W.2d 389 (1974) and construed it to hold that a private cause of action under the WFEA exists only in cases in which the statutory remedies were unavailable but that in all other situations the statutory remedies are exclusive. *See, e.g., Mursch v. Van Dorn Co.,* 627 F.Supp. 1310 (W.D.Wis.1986). This court believes that these cases present the better reasoned approach and follow that reasoning in concluding that when statutory remedies are available under the WFEA that procedure is exclusive. Accordingly,

IT IS ORDERED that the defendant's motion for partial summary judgment as to the failure to promote in July, 1983 be and hereby IS GRANTED as modified.

IT IS FURTHER ORDERED that the defendant's motion to dismiss the claim

under the Wisconsin Fair Employment Act be and hereby IS GRANTED.

Done and Ordered.