Philip MILLER, Plaintiff,

v.

PABST BREWING COMPANY, Defendant.

No. 83–C–1670.

United States District Court, E.D. Wisconsin.

Oct. 2, 1987.

See also 670 F.Supp. 1415.

Leonard N. Flamm, Hockert & Flamm, New York City, for plaintiff, Philip Miller; Frank J. Schiro, Law Office of Frank Joseph Schiro, Ltd., Milwaukee, Wis., of counsel.

John R. Sapp, John A. Busch, Thomas P. Godar, Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

As a preliminary matter in the post-appeal hearing conducted in this case last month, counsel for the plaintiff Philip Miller expressed his objection to the court's addressing the issue of front pay, rather than tendering that issue to a jury. In light of a recent comment by the court of appeals for the seventh circuit, I deem it advisable to readdress my ruling on this issue.

In a footnote appended to *Coston v. Plitt Theatres, Inc.*, 831 F.2d 1321 (7th Cir.1987), the court stated as follows:

> We have no occasion in this opinion to consider whether any or all of the underlying factual elements of an equitable award of front pay damages should be submitted to a jury absent the parties' agreement to try such facts to the trial judge. Authority and reason both suggest that while the decision to award front pay is within the discretion of the trial court, the amount of damages available is a jury question.

*Id.* at 1333 n. 4.

With all due respect to the court's footnote comment, I find that there is impressive and cogent contrary authority to support my original determination. *See, e.g., Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100–01 (8th Cir.1982); *Ventura v. Federal Life Ins.*, 571 F.Supp. 48, 51 (N.D. Ill.1983). *But see Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir.1985). The latter case, relied upon in the *Coston* footnote, cites no authority for the proposition that "[o]f course the amount of damages available as front pay is a jury question."

Even if I were more swayed by the substance of *Coston*'s footnote 4, the district courts are not bound by it; it is not mandatory precedent. "The footnote was dictum; and anyway footnotes are not the most authoritative source of legal doctrine." *Koehn v. Pabst Brewing Co.*, 763 F.2d 865, 866 (7th Cir.1985). Further, as noted in my original decision on damages in this case, the parties stipulated that the issue of damages for the prevailing plaintiffs was to be tried to the court. Nothing persuades me that on remand from the court of appeals the issue of front pay is now to be addressed differently.

Therefore, IT IS ORDERED that my ruling of September 18, 1987, denying the plaintiff Miller's request for a jury trial on front pay be and hereby is reaffirmed.