**Chester L. WALLACE, Plaintiff,**

v.

**Jim WALTER HOMES, INC., Defendant.**

**No. Civ.A. 99–T–173–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 15, 1999.

Andy D. Birchfield, Jr., Tiernan W. Luck, III, Karen L. Mastin, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, for plaintiff.

J. David Martin, George W. Walker, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, for defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

In this lawsuit, plaintiff Chester L. Wallace charges defendant Jim Walter Homes, Inc. with various forms of illegal discrimination in employment, including age discrimination. Wallace relies on both federal and state anti-age-discrimination laws: the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. §§ 621–634, and the Age Discrimination Act of 1997, 1975 Ala.Code §§ 25–1–20 through 25–1–29. Now under submission to this court is Jim Walter's motion to dismiss. This motion asks the court to dismiss, with prejudice, Wallace's complaint of age discrimination under Alabama law because the Alabama statute forces claimants to elect between state and federal causes of action and thus makes simultaneous pursuit of state and federal claims impossible.

The motion is premised on a faulty reading of the relevant statutes. "The starting point for all statutory interpretation is the language of the statute itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir.1999). Courts should "assume

**1304**

that [the legislature] used the words in a statute as they are commonly and ordinarily understood, and [should] read the statute to give full effect to each of its provisions." *Id.* The Alabama statute disputed here does indeed mandate that "if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice." 1975 Ala.Code § 25–1–29.* Jim Walter apparently reads the statute broadly to make simultaneous pursuit of federal and state claims in the same court impossible, but the language of the statute is not that broad and instead specifically limits its scope to mandate dismissal of "any action pending *in the state court*" if any equivalent action is pursued *"in the federal court." Id.* (emphasis added). By specifically mentioning the courts themselves, the statute expresses an intent to avoid redundant adjudications of the same dispute in two separate fora. The dismissal provision thus operates to conserve the judicial resources of Alabama state courts, not to make claims unavailable for simultaneous pursuit in a single forum.

■ Jim Walter also observes that this provision of state law is consistent with 29 U.S.C.A. § 633(a), which mandates that "upon commencement of action under [the ADEA] such action shall supersede any State action." This federal provision does not preclude supplemental jurisdiction over age discrimination claims under state law. *See Shanahan v. WITI–TV, Inc.,* 565

F.Supp. 219, 224 (E.D.Wis.1982) (Reynolds, C.J.) ("While 29 U.S.C. § 633(a) operates to stay any state proceedings upon the commencement of the ADEA action, this stay does not imply that a pendent state cause of action is not permitted.").

Accordingly, it is ORDERED that the motion to dismiss, filed by defendant Jim Walter Homes, Inc. on March 9, 1999, is denied.

* Section 25–1–29 provides in full:
"Remedies.
Any person aggrieved may elect to pursue their remedies under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act 29 U.S.C. Section 621 or in the alternative bring a civil action in the circuit court of the county in which the person was or is employed for such legal or equitable relief as will effectuate the purposes of this article. However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice. Further, any party bringing action under this section shall only be entitled to one recovery of damages. Any damages assessed in one court will offset any entitlement to damages in any other state or federal court. In any action, a person shall be entitled to a trial by jury of any issue of fact in any action for recovery of amounts owed as a result of a violation of this article, regardless of whether equitable relief is sought by any party in the action. Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statutes of limitations, under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article."